Gihfen, J.
(dissenting)
It is sought by the relator to compel the auditor under section 1038, Revised Statutes, to call the attention of the county commissioners to erroneous charges on»the tax duplicate for the years 1893, 1894, 1895, 1896 and 1897, against the Carew building, at the southwest corner of Fifth and Vine streets, Cincinnati, and correct the duplicate by deducting $24,000 from the valuation thereof In the year 1891 the assessor returned the value of the new building’at $80,000 and as unfinished In 1892 the same assessor returned an *323 additional valuation of $30,000 In 1893 another person as assessor returned an additional valuation of the building of $10,000 and as finished. And to this amount the board of supervisors, sitting as an annual board of equalization,added $14,000, making the total additions for that year $24,000, and the total valuation of the building $114,000. It is claimed by the relator that the assessor for 1892 returned the building as finished prior to the day preceding the second Monday of that year, and that the board of equalization and assessor of the following year were without authority to add to the valuation of 1892 without notice to the owner.
The record in the. auditor’s office, known as the “fair book,” for 1892, in the column designated at the top“ Finished Structures,” has on the line describing this property and on lines for other property above and below it, “ditto marks” under the word finished, except two lines, in which there are no marks of any kind. Whatever doubt may arise by reason of one of these blank lines being above the line in which the property of relator is described, is removed by the oral testimony, which shows that the building was, in fact, finished at that time.
It is. true that in the year 1893 and subsequent years new partitions and new decorations for the walls and ceilings were made in many of the rooms. This was done as an Inducement to and in accordance with the tastes.of the tenants, and was not a newbuilding or structure within the meaning of section 2758, Revised Statutes.
The building being completed prior to April, 1892, as shown by the “fair book,” and the board of equalization having taken no action upon the return of the assessor for that year, it was without authority to increase the valuation for the following year, unless a new building or structure had in the meantime been placed on the premises. Section 2807, Revised Statutes; Lewis, Auditor, v. State ex rel. Mullikan, 59 Ohio St., 37. It is urged, however, that “the relator had full knowledge that his property was placed upon the tax duplicate for the year 1893, and maintained thereon for subsequent years, at a valuation of $114,000, and had knowledge of the return as made by the assessor for the year 1893, and of the action of the board of equalization for *324 said year; that with said knowledge the said relator has voluntarily' and without protest paid the taxes assessed each year on the sum of 5114,000.” But it does not appear that he^had any knowledge that the assessor for 1892 had returned the building as finished, and that it was carried on the ‘‘fair book” of that year as such, and unless he had full knowledge of all the facts, the payment would not be so far voluntary as to work an estoppel. Mr. Daugherty, a member of the real estate committee of the board, testifies that Mr. Carew, at the latter’s store, informed them in the summer of 1892, that the building was not finished, but he also told them that the delay was occasioned in constructing the partitions and making the decorations, which we have already said, did not preclude a finding that the building was finished prior to April, 1892, and did not constitute a new structure. It does not appear that the board, in 1892,relied or acted upon such information, and besides it was itself required to ascertain from the return of the assessor and an inspection of the building whether the same was finished, and if so, to make such correction in the valuation as was just and proper; but it failed to act on such return, and in 1893 proceeded, together with the assessor, as though the record of the previous year“disclosed an unfinished structure.
While it seems clear from the evidence that the sum of 5114,000 was a reasonable valuation,yet the question before us is whether that valuation was placed on the duplicate by authority of law, and if not, was it such an error as the auditor may correct? The error consisted in the assessor and the board treating the structure as unfinished, while the record of the previous year showed that it was finished,and the correction by the auditor, requiring only the deduction of the sum by which the valuation was increased in 1893 contrary to the statutes, was merely clerical. Ins. Co. v. Cappeller, 38 Ohio St., 560; State, ex rel. Poe, v. Raine, 47 Ohio St., 447.
It is further claimed that the testimony of Mr. Daugherty shows that the relator requested the board to postpone action until 1893; that the latter did as requested, and that the relator was thereby estopped to question the authority of the board. No issue was tendered, and the testimony was not relevant to any fact in issue.
Miller Outcalt, for Relator.
Wilson, Cosgrave & Jones, for Auditor.
The law of pleading an estoppel is stated' most favorably for the defendant in the case of Schultz v. Colvin et al, 55 Ohio St., 274, to-wit: . “The rule that one who would avail himself-of an estoppel must plead it, is fairly complied with where, upon the whole case made by the pleadings, it appears that the party intends to rely on it if certain facts averred by the other party, and denied by him for want of knowledge,are'made to appear. And in any case,the rule only applies when the party has had an opportunity to plead it. ”
The defendant in this case pleaded as an estoppel the knowledge of relator of the action of the board in 1893, and his voluntary payment of taxes thereafter; but there isno averment that he requested or induced the board to delay action in 1892. There was no want of opportunity to plead it. There is reference to it in the deposition of Major Foley, another member of the real estate committee. There is no memorandum of it on the minutes of the board. The necessity, therefore, of advising the relator of this defense is. apparent, and the evidence in support thereof should not be considered, nor can the pleading be now amended to conform to the facts found.